UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NICHOLAS A. GARCIA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00149-JAW |
| | ) | |
| CELLCO PARTNERSHIP, | ) | |
| d/b/a Verizon Wireless, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER[1]**

In a breach of contract, fraud and deceit, and Maine Unfair Trade Practices action between an active-duty U.S. servicemember currently deployed overseas and his wireless provider, the servicemember seeks an emergency order from this court requiring the wireless provider to restore and maintain the servicemember's unlimited data service without additional charge, as well as an order prohibiting the wireless provider from throttling the wireless data service of any active-duty servicemember who purchased a similar data plan and a further order for the wireless provider to implement mandatory procedures for similarly situated active-duty military customer complaints. Because he has not complied with the notice and irreparable harm requirements of Federal Rule of Civil Procedure 65, the court

---

[1] Although Nicholas Garcia plainly set forth the Defendant's correct name, Cellco Partnership, when the Clerk's Office opened the case, it misspelled the name as Cello Partnership. When the Court issued its order on the motion for temporary restraining order, it took the Defendant's name from the docket and did not notice the difference in the pleadings between Cello and Cellco. However, now that the Court has become aware of this error, it is issuing this amended order, correcting the spelling of the Defendant's name.

dismisses without prejudice the servicemember's motion for a temporary restraining order.

## I.   BACKGROUND[2]

Plaintiff Nicholas Garcia is an active-duty U.S. servicemember, currently deployed in a forward combat environment overseas. *Compl.* ¶ 3, 7 (ECF No. 1); *Pl.'s Emer. Mot. for TRO and Mot. for Prelim. Inj.* at 1 (ECF No. 4) (*Pl.'s Mot.*). Before his deployment, Mr. Garcia purchased an international plan from his current wireless carrier, Defendant Cellco Partnership (d/b/a Verizon Wireless) (Verizon), after being assured by Verizon that the international plan offered him unlimited data service without restriction. *Id.* ¶ 5-6, 10. Mr. Garcia needed to purchase an unlimited international data plan before his deployment because during his deployment he would have no access to Wi-Fi, no ability to switch wireless carriers or obtain alternative wireless service, and no ability to receive shipments. *Id.* ¶ 7. Since his deployment, however, Mr. Garcia has not enjoyed unlimited data service and instead must purchase daily "data boosts" to obtain unlimited service. *Id.* ¶ 8. Mr. Garcia says that his mobile phone is "mission-critical, life-safety equipment required to receive missile warning alerts, early warning notifications, and damage tracking communications." *Id.* ¶ 10. When his service is throttled or dropped, it creates a "direct and ongoing threat to [Mr. Garcia's] life and the lives of those around him." *Id.* On March 20, 2026, Mr. Garcia informed Verizon that "It's not a technical issue,

---

[2]     For the purposes of the requested TRO, the Court reviews the relevant facts as pleaded in the verified complaint and the declarations submitted by the parties, which the Court takes as true at this stage of the proceeding. Additionally, in ruling on the motion as quickly as possible, the Court has done its level best, but the parties should appreciate "the temporal constraints under which the district court labored." *See Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 15 (1st Cir. 2004).

I am being throttled.  This is the crux of the issue.  I cannot be throttled, it will get me killed." *Id.*

On March 20, 2026, Mr. Garcia filed a complaint alleging Verizon engages in a "throttle-then-upsell" scheme, in which Verizon deceptively induces customers to purchase limited data plans based on a knowing misrepresentation that the plan provides "unlimited" data, and then allegedly throttling that service during an emergency in order to extract from the customer an additional charge to restore their data service.  *Id.* ¶¶ 5-6, 8-15.  Mr. Garcia argues Verizon's alleged scheme violates Maine contract, tort, and statutory law.  *Id.* ¶¶ 17-34.  He seeks, declaratory and injunctive relief, as well as compensatory damages for his severe emotional distress, reimbursement for all data boost charges he has paid, and punitive damages.  *Id.* at 9-11.

In addition to his complaint, on March 20, 2026, Mr. Garcia filed an emergency ex parte motion for a temporary restraining order (TRO) against Verizon.  *See Pl.'s Mot.*  Specifically, Mr. Garcia asks this Court to issue, without notice to Verizon, emergency preliminary injunctive relief, as follows:

> (1) immediate restoration of Plaintiff's unthrottled service; (2) an order prohibiting [Defendant] Verizon from throttling any active-duty servicemember on a plan sold as unlimited during deployment; and (3) mandatory disclosure reforms preventing future misrepresentations.

*Id.* at 7.  Mr. Garcia maintains he has satisfied the factors to issue his requested TRO. First, he insists he is likely to succeed on the merits of his breach of contract and statutory claims.  *Id.* at 3-4.  Second, he argues the risk to his life from Verizon's alleged conduct demonstrates irreparable harm.  *Id.* at 4-5.  Finally, he asserts the

balance of equities and public interest both weigh in his favor because the alleged misconduct implicates national security and the safety of U.S. servicemembers, in addition to serving the broader public interest in holding telecommunication companies to accountable for alleged misconduct. *Id.* at 5-6.

## II.    DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) empowers the Court to issue temporary restraining orders "ex parte" (i.e., without notice).  The Rule provides:

> (1) *Issuing Without Notice.*  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Compliance with Rule 65(b)(1) is strictly required for a TRO to issue ex parte, because the Rule provides minimum due process for enjoining a party without notice. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 438-439 (1974) (Rule 65(b)(1)'s "stringent restrictions . . . on the availability of ex parte [TROs] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute"); *Carey v. Town of Rumford*, No. 2:25-cv-00356-SDN, 2025 U.S. Dist. LEXIS 134066, at *1-2 (D. Me. Jul. 15, 2025) (*accord*); *Chesler v. Chesler*, No. 25-cv-00100-LM-TSM, 2025 U.S. Dist.

LEXIS 46587, at *3 (D.N.H. Mar. 13, 2025) (describing Rule 65(b)(1) as more than a "mere technicalit[y]"); *Pagán-González v. United States*, 544 F. Supp. 3d 217, 218 (D.P.R. 2021) (explaining Rule 65(b)(1) imposes "stringent restrictions on the availability of ex parte temporary restraining orders") (quotation omitted)).

Mr. Garcia has failed to comply with Rule 65(b)(1)'s requirements. First, the Court cannot locate in either Mr. Garcia's complaint or in his motion a certification of any efforts he – acting as his own lawyer - has made to give notice to Verizon of his motion for TRO and the reasons why it should not be required. *See* FED. R. CIV. P. 65(b)(1)(B). This omission alone warrants dismissing his motion without prejudice. *Frank v. PHH Mortg. Servs.*, No. 11-cv-66-PB, 2011 U.S. Dist. LEXIS 30384, at *4-5 (D.N.H. Feb. 15, 2011) ("Lack of compliance with Rule 65(b)(1)(B) alone, would support denying plaintiffs' request for a TRO").

Second, Mr. Garcia has not "clearly show[n] that immediate and irreparable injury, loss, or damage will result to [him] before [Verizon] can be heard in opposition" to his motion. FED. R. CIV. P. 65(b)(1)(A). To demonstrate irreparable harm, Mr. Garcia must establish that monetary damages would be insufficient to compensate him. *See Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996) (Irreparable harm is "a substantial injury [to the movant] that is not accurately measurable or adequately compensable by money damages"). Although the risk to his safety from unreliable data service constitutes irreparable harm, *Pl.'s Mot.* at 4-5, Mr. Garcia could easily remedy the data service problem causing that risk by purchasing one of the more costly unlimited data plans available to him, *see Compl.*

¶ 11. Purchasing unlimited data service would ensure he receives the safety-related alerts and notifications he fears he might miss without full data coverage. He could then seek compensatory damages for the additional costs he paid to obtain unlimited data service in the ordinary course of pursuing his breach of contract, tort, and statutory claims.

For those same reasons, the Court will also dismiss without prejudice his request for an injunction against Verizon from similar conduct against all U.S. servicemembers who purchased the same international plan and requiring Verizon to implement mandatory procedures for similarly situated active-duty military customer complaints.[3]

The Court adds that this order only addresses Mr. Garcia's failure to comply with the strict and mandatory provisions of Federal Rule of Civil Procedure 65(b)(1), which are prerequisites for any TRO. The Court is not otherwise commenting on the merits of Mr. Garcia's complaint and will await service of the complaint and summons upon Verizon and its entry of appearance in this case before proceeding further. Finally, Mr. Garcia has titled his motion as an emergency motion for temporary restraining order and motion for preliminary injunction. *Pl.'s Mot.* at 1. Here, the Court is addressing only the motion for temporary restraining order, not the motion for preliminary injunction, which has a separate and less stringent set of

---

[3]     The general rule is that a litigant has standing to assert only his own rights, not those of third parties. *Playboy Enters., Inc. v. Public Serv. Comm'n*, 906 F.2d 25, 36-37 (1st Cir. 1990). Although there are limited exceptions to this rule, Mr. Garcia has not shown he has standing to assert the rights of third parties here. The Court suspects that Mr. Garcia is asserting a class action on behalf of the other servicemembers. If so, he has not come close to satisfying the exacting requirements of Federal Rule of Civil Procedure 23, which are prerequisites to any authorized class action.

requirements, but which will be addressed once Verizon has entered its appearance in the lawsuit.

## III.    CONCLUSION[4]

Accordingly, the Court DISMISSES without prejudice Nicholas Garcia's Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction but only to the extent the motion seeks an emergency temporary restraining order (ECF No. 4).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2026

---

[4]    The Court could not locate in Westlaw or LexisNexis two citations from Mr. Garcia's motion, *Doe v. Univ. of Me. Sys.*, No. 1:19-cv-415 (D. Me. 2019) and *Artisan & Truckers Cas. Co. v. BRT Aerospace Mfg., LLC*, No. 2:15-cv-82 (D. Me. 2016). The case number provided in the *Artisan & Truckers* case refers to a different case, *Hogan v. Dolan*, which terminated in 2015, the year before the purported case Mr. Garcia cites. Although *Doe v. Univ. of Me. Sys.* corresponds to the case number provided by the citation, none of the orders from the Court in that case supports the citation's asserted proposition. The Court cautions Mr. Garcia against presenting factitious or inaccurate caselaw to the Court in future filings.